RELATED DDJ

1  Name: Hector Gutierrez

2  Address: 1015 Rosewood Ave Inglewood CA. 90301

3

4  Phone: 4242001504

5  Fax:

6  In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
10/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: AP   DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hector Gutierrez<br><br>Plaintiff<br><br>v.<br><br>City of Riverside., Riverside Police Department, Does 1-20 inclusive<br><br>Defendant(s). | CASE NUMBER:<br><br>5:23-cv-02134-MCS(AS)<br><br>To be supplied by the Clerk of The United States District Court<br><br>1. 42 U.S.C. § 1983<br>(1st, 4th & 14th Amendment Violations, |

1. 42 U.S.C. § 1983
(1st, 4th & 14th Amendment Violations,
2. Monell Claim
3. Wanton Endangerment
4. Negligence
5. Conspiracy
6. Intentional Infliction of Emotional Distress
7. Torts in essence
8. Violation of Statutory Duties

**DEMAND FOR JURY TRIAL**

CV-126 (09/09)   PLEADING PAGE FOR A COMPLAINT

1.    Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

///        ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.    At all times herein mentioned, Plaintiff HECTOR GUTIERREZ JR. was a residents of the County of Los Angeles, City of Inglewood.

3.    At all times herein mentioned, Defendants Does 1-10, individually and as a peace officers, Chief Larry V. Gonzalez , Does 10-20, inclusive and each of them, were employees of the CITY OF RIVERSIDE AND THE RIVERSIDE POLICE DEPARTMENT assigned to RIVERSIDE CITY HALL AND RIVERSIDE POLICE DEPARTMENT MAIN STREET OFFICE AMONGST OTHERS.

4.    Defendant CITY OF RIVERSIDE (hereinafter referred to as "COR") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COR has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of defendant RIVERSIDE POLICE DEPARTMENT, (RPD) and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and other subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages  elated to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.        Plaintiffs are informed and believe and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 20, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484 and Federal Rule of Civil Procedure 15.

6.        Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7.         On October 16th 2021 @ about 6:30 to 7:00pm ( it was dark already) on the 60 freeway east Plaintiff Hector Gutierrez ( Gutierrez) was dangerously harassed and tailgated, amongst other things by two on duty Riverside Police Department Officers and their vehicles in a violent, outrageous, and dangerous manner.

Does 1-4 terrified and scared Gutierrez to take evasive actions to get away. Gutierrez attempted staying in his lane and accelerated his vehicle to get away. Two RPD Patrol Vehicles  individually and at different close times harassed, tailgated, and performed wanton endangerment upon Gutiereez  for unknown reasons.

During the incident Gutierrez  would accelerate away then release then reduce his speed to  have the First RPD vehicle get away from his vehicle.  It was not working. The RPD vehicle occupant (Doe #1) was behaving  deranged, enraged, and extremely dangerous for the conditions of the freeway, Gutierrez safety, as well as for the safety of other traveler's that night. Finally at some point this first RPD vehicle headlights began to go around Gutierrez vehicle  a (TOYOTA) MIRAI LIC# (8MAU100) which meant to Gutierrez that maybe the ordeal was over. When the vehicle came around fast and was passing Gutierrez up, was shocked to see a RPD Police black and white patrol cruiser that was not the Ford Explorer SUV type but a car sedan / cruiser type. The vehicle appeared to be in the Chevrolet Cavalier or Ford Crown Victoria type and styles. Nevertheless Gutierrez shock escalated when this Particular Police Officer ( DOE #1) then decided to pull his police cruiser back into and in front of Gutierrez lane that being the Carpool lane,  and then accelerate again to what was maybe 100+mph. At that time Gutierrez had no doubt that this particular  Riverside Police Officer (Doe #1)  was sending Gutierrez a message using the vehicle as a weapon and communication device to do so. Gutierrez has seen people on freeways through out his life behave this way against others causing fear and erratic evasive driving of the victim  but not by a Police Car or a police officer nor as violent and dangerous as Doe#1.
   Gutierrez then saw (Doe #1) exit his lane towards lane 3 and 4.
At this point Gutierrez was in a high stress level but somewhat relieved that the danger to himself, vehicle and his person was over.    So Gutierrez thought!!

No sooner was Doe # 1 much ahead of Gutierrez that Gutierrez had another pair of headlights in his rear and side view mirrors behaving In much the same manner as Doe # 1. The operator of this new vehicle was at the time in Gutierrez mind was some kind of sympathizer to Doe # 1. Doe#2 behavior to Gutierrez was also a threat and Road Raging maniac that was in the process of causing Gutierrez some kind of harm. The back and forth high speeds reached over 100 mph with this Doe#2 and vehicle would catch up to Gutierrez and then slow down with Gutierrez to as slow as 55mph or maybe even 45mph and would not stop the harassment and danger he or she provided. As with Doe's # 1 behavior this vehicle also finally began to come around Gutierrez vehicle and to Gutierrez who was beyond shock to see it was another Riverside Police Vehicle. This time it was a Ford Explorer SUV interceptor black patrol unit (Doe # 2). Gutierrez could not understand why two Police Vehicles from the same police department back to back would do these injurious behaviors to Gutierrez and for what legitimate reason or right did they have to behave and act out against Gutierrez in such a way.

A Complaint to RPD and a Claims Form were sent out to the City Of Riverside and The Riverside police department to seek plenty of precise answers to justify the incident between their employees and Gutierrez..

On October 18th @ 726pm Gutierrez called 951-354-2007 after reviewing RPD (RIVERSIDE POLICE DEPARTMENT) web site so Gutierrez could make a formal complaint about the incident as mentioned above to the proper people.

Gutierrez was encouraged to call 951-351-6050 and leave a message and complaint with the Watch Commander. I Gutierrez proceeded to do so at 7:29. At 8:09 approx 40 minutes later a call from 951-782-0750 came in from someone whom Gutierrez presume to be a Watch Commander. Gutierrez cannot recall his name but Gutierrez believe he had the ranking of sergeant. Gutierrez explained verbally as best Gutierrez could at that time the above mentioned matter. Gutierrez and an UNKNOWN Sergeant for RPD spoke at length. In the conversation the UNKNOWN Sergeants concern was if Gutierrez had unit numbers or Identifying factors of the officers vehicles. Gutierrez was baffled at the question because Gutierrez felt the words Riverside Police on the Patrol units was more than enough of an Identifying factor as was a Fact that the UNKNOWN RPD Sergeant provided that RPD are on the freeways all the time should have sealed the deal,Gutierrez did not mention another possible Law enforcement Department like the CHP ( California Highway Patrol) for instance.

The conversation continued some what to where the question was asked to Gutierrez by the UNKNOWN Sergeant for RPD.

" I am not really sure what it is you like to be done about it" or something along that language. So to help and to assist the RPD, Gutierrez took it upon myself to provide a road map so the RPD and the City of Riverside could perform their duties and could quantify, verify, or disqualify Gutierrez's allegations and get to some kind of Justice, accountability, and validity.

Gutierrez Provided the following below that should of helped and assisted the RPD and it communicated what Gutierrez wanted done along with what ever else the Law requires.

#1. RPD and the City of Riverside to conduct a full, extensive, and complete investigation into Gutierrez formal Complaint. and allegations. To do so the party or Parties must adhere to California penal code 832, 832.5 and beyond including all other laws, codes, policies, procedures that govern these Citizen Complaints process and most importantly refrain from any Code of silence or favoritism conduct at all times.

As a matter of good police work the in charge should be Pulling the IN-Service work sheet for October 16th. This gives us identifying information of who was on patrol, in what unit, what times and with whom. Once the units and personnel are identified all the electronic data contained from them must be collected and all involved in its care taking must make 100% sure the data is preserved and conserved and not mishandled.

By mishandled I mean erased, corrupted, lost, damaged, destroyed etc. The collected data must include Namely the MDT's, Global positioning system data, L-tac Communications, cell phone Communications both personal and government issued, police radio communications, communications to and from the State DMV computers and personnel, communications to and from Home base at RPD and or any other place in can or maybe stored, Definitely the Vehicle on board Camera footage must be retrieved from the surrounding times. One must go back 1hr from the incident reported time and an 1 hour from the incident to learn as much as possible.

An appropriate Disposition has not been received from RPD and a denial of claim was mailed to Gutierrez on June 20, 2022.

FIRST CAUSE OF ACTION
VIOLATIONS OF CIVIL RIGHTS UNREASONABLE SEARCHES AND SEIZURES,
CONSPIRACY TO DEPRIVE CIVIL RIGHTS, 42 U.S.C. § 1983)

SECOND CAUSE OF ACTION MONELL
(AGAINST DEFENDANT CITY OF RIVERSIDE UNDER
SECTION 1983, CUSTOM POLICY & PRACTICE)

THIRD CAUSE OF ACTION
WANTON ENDANGERMENT

FOURTH CAUSE OF ACTION
NEGLIGENCE
(By Plaintiff Against All Defendants)

FIFTH CAUSE OF ACTION
CONSPIRACY
(By Plaintiff Against All Defendants)

SIXTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiff Against All Defendants)

SEVENTH CAUSE OF ACTION
TORTS IN ESSENCE
(By Plaintiff Against All Defendants)

EIGHTH CAUSE OF ACTION
VIOLATION OF STATUTORY DUTIES
(By Plaintiff Against All Defendants)

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Punitive damages against each individual Defendant;

5. For attorney's fees pursuant to 42 U.S.C §1988;

6. For Costs of suit;
7. For such other and further relief as the Court may deem proper.

DATED:   October 16, 2023

By _____
   Hector Gutierrez
   Plaintiff in pro se