UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HECTOR GUTIERREZ,

Plaintiff,

v.

CITY OF RIVERSIDE et al.,

Defendants.

Case No. 5:23-cv-02134-MCS(AS)

**ORDER RE: REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE (ECF NO. 60)**

In connection with pending motions and requests in this civil rights case, United States Magistrate Judge Alka Sagar submitted a report and recommendation that the Court deny the parties' requests for judicial notice, deny Plaintiff Hector Gutierrez's ex parte application for leave to file a third amended complaint, grant Defendant City of Riverside's motion to dismiss, and enter judgment dismissing the action without leave to amend. (R. & R., ECF No. 60.) Plaintiff filed objections to the report and recommendation. (Objs., ECF No. 63.) Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a de novo review of those portions of the report to which Plaintiff objected. Having completed its review, the Court accepts the report and recommendation in substantial part but recommits the matter to Judge Sagar for further consideration of her recommendation of dismissal of one claim. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In his operative second amended complaint, Plaintiff asserts one claim for violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 against two unidentified Riverside Police Department ("RPD") officers sued as Does 1–2.[1] (SAC 5–6, ECF No. 38.) Broadly, Plaintiff alleges that while he was driving on the freeway, Does 1–2 "dangerously and aggressively tailgated Plaintiff for several miles" in RPD vehicles without activating their lights or sirens, "causing him extreme fear and distress that resulted in Plaintiff having to take evasive action." (*Id.* at 3–4.) In its motion to dismiss, the City argues, among other things, that Does 1–2 are entitled to qualified immunity from liability for this claim, "as there was no obvious instance of unconstitutional conduct." (Mot. 8, ECF No. 40.) Judge Sagar credits this argument and recommends dismissal of the § 1983 claim on qualified immunity grounds. (R. & R. 8–15.) Judge Sagar reasons that "Plaintiff has not met his burden of demonstrating the

---

[1] In his proposed third amended complaint, Plaintiff identified one of the officers as James Elliott. (Proposed TAC, ECF No. 57-1.) However, the Court concurs with Judge Sagar that leave to file the third amended complaint should be denied, (R. & R. 20–26), so the Court refers to the officers by their Doe designations here.

Doe Defendants['] action violated his clearly established constitutional rights," (*id.* at 12), as Plaintiff's cited case authority is distinguishable, and Judge Sagar had not identified relevant precedent suggesting the alleged due process violation was clearly established, (*id.* at 13 & n.5).

The Court respectfully returns this matter to Judge Sagar for further consideration of her recommendation of dismissal of Plaintiff's § 1983 claim given the following two concerns.

First, the City moves to dismiss the § 1983 claim, but it is not named as a defendant to that claim, and it did not purport to represent Does 1–2 at the time it filed its motion. (*See* Mot. 2, 5–9.) Generally, a moving defendant "ha[s] no standing to seek dismissal of the action as to . . . nonmoving defendants." *Mantin v. Broad. Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957). That said, Plaintiff proceeds in forma pauperis in this action, (Order on Req. to Proceed IFP, ECF No. 12), so his § 1983 claim against Does 1–2 is subject to judicial scrutiny irrespective of whether Does 1–2 contest them, *see* 28 U.S.C. § 1915(a)(1), (e)(2)(B); (*see also* Prior R. & R. 7–8, ECF No. 36 (recommending dismissal of official-capacity claims against Does on a basis the City did not raise in its prior motion to dismiss)). However, the report and recommendation does not invoke the applicable legal standard for a § 1915(e)(2)(B) dismissal on qualified immunity grounds, even if dismissal is still appropriate under that standard. *See Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016) ("[A] district court may dismiss a claim on qualified immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity. Our resolution does not . . . require plaintiffs to anticipate or plead around qualified immunity defenses in their complaints." (citation omitted)).

Second, Plaintiff's objections present numerous authorities for the proposition that, at the time of the purported due process violation, it was clearly established that state officials are "liable, in a variety of circumstances, for their roles in creating or

exposing individuals to danger they otherwise would not have faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006); (*see* Objs. 9–24 (citing, inter alia, *Kennedy*)). Judge Sagar appropriately observes in her report that, in the briefing before her, Plaintiff had not met his burden to show that the allegedly violated right was clearly established. (R. & R. 12–15); *see Gordon v. County of Orange*, 6 F.4th 961, 969 (9th Cir. 2021). However, given Plaintiff's status as a self-represented litigant and the other concern outlined above, the issue warrants further discussion of whether Does 1–2 have qualified immunity from Plaintiff's state-created-danger theory of the § 1983 claim. Accepting as true Plaintiff's allegations about the officers' dangerous, aggressive, and harassing driving, (SAC 3–5), the claim may present a "sufficiently obvious case of constitutional misconduct" that the constitutional right at issue may be drawn at a high level of generality for qualified immunity purposes, *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (internal quotation marks omitted). Put another way, whether it is obvious that officers should refrain from jeopardizing the safety of freeway motorists with intentionally belligerent driving outside a pursuit context merits further development.

The Court takes no position on how these concerns should be resolved. Consistent with 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and General Order No. 05-07, Judge Sagar shall have full discretion to confirm, modify, or vacate her recommendation, and to take further briefing or conduct further proceedings as appropriate to fulfill the directive of this Order.

///

The Court overrules all objections Plaintiff submitted to the report and recommendation outside the scope of the recommitted issue. The parties' requests for judicial notice are denied, the City's motion to dismiss the *Monell* claim is granted without leave to amend, and Plaintiff's ex parte application for leave to file a third amended complaint is denied.

**IT IS SO ORDERED.**

Dated: July 24, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE