**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR GUTIERREZ, Plaintiff, v. CITY OF RIVERSIDE, et al., Defendants. | NO. EDCV 23-2134 MCS (AS) **ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. No. 40)** |

On October 16, 2023, Hector Gutierrez ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"), and on November 26, 2023, he filed a First Amended Complaint ("FAC") against the City of Riverside ("City"), the Riverside Police Department ("RPD"), and Does 1-10. (Dkt. Nos. 1, 8). The FAC raised six claims for relief: (1) Does 1-10 violated Plaintiff's First, Fourth and Fourteenth Amendment rights; (2) the City has a custom, policy and/or practice that caused the violation of Plaintiff's First, Fourth and Fourteenth Amendment rights; and state law claims for (3) wanton endangerment; (4) negligence; (5) conspiracy; and (6) intentional infliction of emotional distress. (FAC at 13-27).

On April 9, 2024, the City filed a Motion to Dismiss the FAC. (Dkt. No. 20). On January 15, 2025, the Court granted, in part, and denied, in part, the Motion to Dismiss the FAC, dismissing without leave to amend Plaintiff's First and Fourth Amendment claims, his request for punitive damages, and his state law claims against the City and RPD and dismissing his Monell[1] claims against the City and RPD with leave to amend. (Dkt. Nos. 36-37).

On February 15, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC") against the City, RPD and Does 1-10 in their individual capacities. (Dkt. No. 38). The SAC raises two causes of action: (1) Does 1-2 (the "Doe Defendants") violated Plaintiff's Fourteenth Amendment right to due process of law when they dangerously and aggressively tailgated Plaintiff at high speeds; and (2) a Monell claim against the City and RPD. (SAC at 5-7).

On March 4, 2025, the City filed a Motion to Dismiss the SAC with a Motion to Strike Portions of the SAC, the Declaration of Nadin S. Said, and a Request for Judicial Notice. (Dkt. No. 40). The Motion to Dismiss argued the Complaint failed to state a cause of action against any Defendant and the Doe Defendants are entitled to qualified immunity. (Id.). On April 3, 2025, Plaintiff filed an Opposition to the Motion to Dismiss, and the City filed a Reply on April 4, 2025. (Dkt. Nos. 44-45). On April 10, 2025, Plaintiff filed a Request for Judicial Notice. (Dkt. No. 51).

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

On March 17, 2026, Plaintiff filed an Ex Parte Application for leave to file a Third Amended Complaint ("Ex Parte Application") with a proposed Third Amended Complaint ("Proposed TAC"). (Dkt. No. 57).

On March 30, 2026, the undersigned filed a Report and Recommendation, recommending that: (1) the parties' requests for judicial notice and Plaintiff's Ex Parte Application be denied; and (2) the Motion to Dismiss be granted and this action dismissed without leave to amend since Plaintiff failed to state a Monell claim against the City or RPD and, based on the allegations pled in the SAC, the Doe Defendants were entitled to qualified immunity. (Dkt. No. 60). On May 13, 2026, Plaintiff filed Objections to the Report and Recommendation. (Dkt. No. 63).

On July 24, 2026, United States District Judge Mark C. Scarsi issued an Order Re: Report and Recommendation, which affirmed the denial of the parties' requests for judicial notice, granted the City's motion to dismiss the Monell claim without leave to amend, and denied Plaintiff's Ex Parte Application. (Dkt. No. 64). However, in light of, among other things, Plaintiff's Objections to the Report and Recommendation, Judge Scarsi returned the matter to the undersigned for further consideration of the recommendation to dismiss Plaintiff's due process claim against Does 1-2. (Id.).

**DISCUSSION**

The City filed a Motion to Dismiss Plaintiff's due process claim (Claim One) against Does 1-2, but it lacks standing to seek dismissal

of Claim One. See Mantin v. Broadcast Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957) ("[T]he moving defendants . . . had no standing to seek dismissal of the action as to the nonmoving defendants."); 5B Arthur R. Miller & A. Benjamin Spencer, Federal Practice & Procedure § 1349 (4th ed. 2026) ("The movant may obtain relief only as to itself; the movant has no standing to seek dismissal of the action as to nonmoving parties."). Therefore, the City's Motion to Dismiss Plaintiff's Claim One is denied without prejudice.[2]

Nevertheless, the Court "'may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)). Additionally, the Ninth Circuit has "upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared." Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, (9th Cir. 2008); Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995); see also Silverton v. Dep't of Treasury of U.S. of Am., 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to

---

[2] "Denial of a motion to dismiss without prejudice is not a dispositive motion requiring submission of a report and recommendation to the district judge." White v. City of Los Angeles, 2025 WL 2994708, *2 n.3 (C.D. Cal. 2025); Florence v. Stanback, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009); see also Harrison v. Campbell, 2023 WL 8872153, *1 n.2 (C.D. Cal. 2023) ("The denial of a motion [to dismiss] without prejudice is not dispositive of a claim or defense and thus need not be submitted as a report and recommendation to the assigned district judge."); Jones v. Corr. Corp. of Am., 2011 WL 1706838, *4 (D. Ariz. 2011) ("A denial without prejudice is different than a denial with prejudice 'in the sense that' the former 'does not preclude a subsequent motion based on the same argument.'" (citation omitted)).

defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.”).

Moreover, since Plaintiff is proceeding in forma pauperis, Plaintiff’s SAC - or more precisely that portion of the SAC that has not yet been dismissed without leave to amend, *i.e.*, Claim One - is subject to sua sponte review and must be dismissed if it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (Section 1915(e)(2) applies to all complaints brought by plaintiffs proceeding in forma pauperis).

The Court previously explained why Plaintiff’s allegations, when broadly construed, were sufficient to state a due process claim against Does 1-2. (See Dkt. No. 36 at 18-21). It need not repeat that analysis here. Thus, the question is whether it is appropriate for the Court to sua sponte consider whether Does 1-2 are entitled to qualified immunity.

A “district court may dismiss a claim on qualified immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity.” Chavez v. Robinson, 817 F.3d 1162, 1169 (9th Cir. 2016). Here, in addition to the

operative SAC, Plaintiff filed a proposed Third Amended Complaint. (Dkt. No. 57-1). Additionally, after the Court issued its Report and Recommendation, Plaintiff filed Objections to the Report and Recommendation. (Dkt. No. 63). Both the Objections and the proposed Third Amended Complaint clarify and amplify the allegations against Does 1-2 set forth in the operative SAC.[3] For example, while the SAC alleges Does 1-2 "tailgated" Plaintiff (SAC, ¶ 4), the proposed Third Amended Complaint provides further detail, asserting, *inter alia*, that Doe 1 (identified as RPD Officer James Elliott) followed Plaintiff at a distance of less than one vehicle length while traveling at speeds between approximately 75-85 mph. (Proposed Third Amended Complaint, ¶ 27). Likewise, in Plaintiff's Objections, he claims the Doe Defendants operated their police vehicles "at speeds exceeding 100 miles per hour against [Plaintiff's] bumper." (Objections at 15). Considering these allegations in conjunction with the SAC – which, as previously noted, was sufficient to state a due process claim against Does 1-2 – the Court cannot conclude that it is clear Plaintiff can present no evidence that could overcome a qualified immunity defense. Chavez, 817 F.3d at 1169. Accordingly, the Court declines to sua sponte address whether Does 1-2 are entitled to qualified immunity.[4]

---

[3] Plaintiff's Ex Parte Application for Leave to File a Third Amended Complaint was denied since, among other things, it sought to add multiple new defendants and causes of action and violated Fed. R. Civ. P. 8. (See Dkt. Nos. 60, 64).

[4] Since it appears there is video of the incident, it may well be the issue of qualified immunity is better addressed, if at all, on summary judgment. See Scott v. Harris, 550 U.S. 372, 380-81 (2007).

To summarize, Plaintiff's Monell claim against the City and RPD has been dismissed without leave to amend, and the City's Motion to Dismiss Plaintiff's due process state-created danger claim against Does 1-2 is denied without prejudice. (Dkt. Nos. 60, 64). Therefore, since it now appears Plaintiff has identified the RPD Officers referred to as Does 1-2 in the SAC (see Proposed Third Amended Complaint), within thirty (30) days of the date of this Order, Plaintiff may either: (1) amend his Second Amended Complaint to substitute the RPD Officers (James Elliott and Eric Barajas) for Does 1-2; or (2) file a Third Amended Complaint raising **only** Plaintiff's due process state-created danger claim against Officers Elliott and Barajas in their individual capacities and **not** naming any other defendant or raising any other cause of action.

Plaintiff is explicitly cautioned that failure to timely amend his Second Amended Complaint or file an appropriate Third Amended Complaint, as described herein, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order. Plaintiff is further advised that if he no longer wishes to pursue this action, he may file a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience**.

DATED: August 4, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE